**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Patrick, Jr.,<br><br>Defendant. | No. CR-23-00051-001-PHX-MTL<br><br>**ORDER** |

**I**

Defendant Michael Patrick, Jr. pleaded guilty to the crime of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). At the sentencing hearing conducted on July 27, 2023, this Court entered a judgment of conviction and sentenced Defendant to 24 months custody with credit for time served. The Court calculated Defendants' total offense level as 13 and his criminal history category as IV, resulting in an advisory United States Sentencing Commission Guidelines ("USSG") range of 24-30 months in custody. Pursuant to a stipulation in the Rule 11(c)(1)(C), Fed. R. Crim. P., plea agreement, Defendant was sentenced to the low end of the range. (Doc. 33)

At the time, USSG § 4A1.1(d) called for the inclusion of two criminal history "status points" because Defendant "committed the instant offense while under a criminal justice sentence for CIR-abusive sexual contact, imposed on February 24, 2014, in the U.S. District Court, District of Arizona, Phoenix, in Case No.: 2:13-cr-00340-MTL-1, and for which he was sentenced to 120 months imprisonment followed by lifetime supervised

release." (Presentence Investigation Report ("PSR") ¶ 41 (Doc. 29))

The parties jointly recommend that the Court *sua sponte* reduce Defendant's sentence based on Amendment 821, Part A, to the United States Sentencing Guidelines. (Doc. 34) This would eliminate the two status points from Defendant's criminal history calculation and change Defendant's criminal history score to III, resulting in a recalculated advisory guideline range of 18-24 months in custody. (*Id.* ¶¶ 7-8) The parties also recommend that the Court reduce Defendant's sentence to 18 months.

The Court declines the parties' joint recommendation because the proposed sentence would seriously undermine the objectives established by Congress in 18 U.S.C. § 3553(a).

**II**

The general rule is that "courts may not alter a term of imprisonment once it is imposed." *United States v. Morales,* 590 F.3d 1049, 1050 (9th Cir. 2010). An exception is found in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute thus provides a two-step analysis for determining whether a defendant is entitled to a sentence reduction. In the first step, the reviewing court "decides eligibility by determining whether a reduction is consistent with . . . [USSG] § 1B1.10, the policy statement that implements § 3582(c)(2)." *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)). In the second step, the reviewing court considers all applicable § 3553(a) factors and exercises its discretion in determining whether "the authorized reduction is warranted, either in whole or in part." *Rodriguez*, 921 F.3d at 1153 (quoting *Dillon*, 560 U.S. at 826) (internal quotation marks omitted). The court's consideration "cannot serve to transform the

proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 560 U.S. at 827.

### III

Part A of Amendment 821 limits the criminal history impact of status points in USSG § 4A1.1. Under the changes, the United States Sentencing Commission struck subsection (d), which added two status points if the offense was committed while under a criminal justice sentence. In its place, the new subsection (e) states that one status point should be added if a defendant receives seven or more points calculated under subsections (a) through (d) and committed the offense while under a criminal justice sentence. The United States Sentencing Commission approved an amendment to USSG § 1B1.10(d), making Amendment 821 retroactive.

The Court finds that Defendant is eligible for a sentence reduction under the retroactive application of Amendment 821. This is because the Court, following the prior version of USSG § 4A1.1(d), assessed two criminal history status points against Defendant because he committed the offense "while under a criminal justice sentence for CIR-abusive sexual contact . . . ." (PSR ¶ 41) Those two points would not be included if Defendant were sentenced under the amended guidelines.

### IV

Section 3553(a) of Title 18, United States Code, requires that the Court consider several objectives when imposing a sentence. They include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed training, medical care, or treatment. 18 U.S.C. § 3553(a)(1), (2). The Court should also consider the kinds of sentences available, the applicable advisory guideline sentencing range, the need to avoid sentencing disparities, and victim restitution. *Id*. § 3553(a)(3)-(7).

The Court reviewed the sealed unredacted indictment (Doc. 6), the parties'

sentencing memoranda (Docs. 25, 26), the PSR (Doc. 29), the plea agreement (Doc. 33), the arguments presented in the parties' Joint Recommendation for *Sua Sponte* Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines (Doc. 34), the Judgment of Conviction (Doc. 31), and the presentence investigation report adopted for Defendant's 2014 abusive sexual contact conviction (No. 2:13-CR-00340-MTL-1, Doc. 113). The Court has also considered the § 3553(a) factors.

The Court finds that reducing Defendant's sentence would undermine the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court also finds that the proposed sentence reduction would undermine the "adequate deterrence to criminal conduct" objective, both for this Defendant and the general population. *Id.* § 3553(a)(2)(B). The Court further finds that the proposed reduction would put the community at risk, thereby undermining the need "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C).

Defendant was initially sentenced to 120 months imprisonment followed by lifetime supervised release. (PSR ¶ 4) Defendant is a "Tier III offender, as he was convicted of a violation of 18 U.S.C. § 2244 and his victim had not attained the age of 13." (*Id.*) Defendant "is required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) for life." (*Id.*) Defendant's plea agreement in Case No. 2:13-CR-00340-MTL-1 stipulates "to a sex offender registration special condition. The judgment in that case also informed him of his requirement to register as a sex offender." (*Id.* ¶ 6)

The PSR, ¶¶ 6-8, documents Defendants' many failures to cooperate with the United States Probation Office. Not only has Defendant failed to register as a sex offender under SORNA, "he did not report to probation as directed, had contact with minor children, and contacted his victim's family." (*Id.* ¶ 6) Defendant, moreover, "did not report to his scheduled substance abuse treatment program, did not reside at an approved residence, did

not register as a sex offender as required, and contacted the victim's mother." (*Id*. ¶ 7) During an interview with the probation officer, Defendant:

> asserted he did not register because he had a tribal warrant. Patrick also did not check into a substance abuse treatment facility as directed and instead he started drinking. ***The defendant stated he is not going to register as a sex offender***. His parents have told him he needs to register; however, he denies the original offense, and he says it was all allegations. He further asserted that ***when he gets out of custody, he is going to do the same thing***; however, he will be on the run for longer because he knows police will be looking for him.

(*Id*. ¶ 8 (emphasis added))

The offense conduct shows that Defendant is an extreme danger to the community and has no respect for the law. Defendant refuses to follow the law, the terms of his plea agreement, and this Court's judgment imposing conditions of supervised release.

The underlying offense requiring Defendant to register as a sex offender, his 2014 conviction, is serious. Defendant received offense level enhancements for the victim being under the age of 12, and the victim being "in the custody, care or control of the defendant." (No. 2:13-CR-00340-MTL-1 at Doc. 113 ¶¶ 17-18) The victim was under twelve-years old and Defendant's stepdaughter. (PSR ¶ 39) Defendant forced the victim to perform oral sex on him "on more than one occasion." (*Id*.) The victim described Defendant ejaculating. (*Id*.) And Defendant "told her not to tell anyone" about his misconduct. (*Id*.) "[T]he victim described an incident where the defendant called her into the laundry room of their residence, and she vomited on him due to him shoving his penis too far down her throat." (*Id*.) There is more explicit offense detail in the PSR, however, the point that Defendant is a danger to the community has been made.

Additionally, adopting the parties' recommendation would undermine the need to deter this Defendant from committing further criminal conduct. Defendant has already told the USPO that he does not intend to register as a sex offender once he is released. Thus, what little deterrent value a 24-month sentence has on this Defendant is diluted by reducing his sentence by 6 months, or 25 percent. And, as mentioned, Defendant's statement and his

- 5 -

behavior while on supervised release shows that he lacks respect for the law. Reducing his sentence by six months mocks these important sentencing objectives.

V

For all these reasons,

**IT IS ORDERED** that the Joint Recommendation for *Sua Sponte* Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on Amendment 821 to the U.S. Sentencing Guidelines (Doc. 34) is **denied**.

Dated this 20th day of August, 2024.

Michael T. Liburdi
United States District Judge